MORGAN, LEWIS & BOCKIUS LLP
Max Fischer, Bar No. 226003
max.fischer@morganlewis.com
Aimee Mackay, Bar No. 221690
Aimee.mackay@morganlewis.com
Megan McDonough, Bar No. 317402
Megan.mcdonough@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:  +1.213.612.2500
Fax:  +1.213.612.2501

Attorneys for Defendant
CHARTER COMMUNICATIONS, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| MICHAEL MARCELINO, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC, a Delaware limited liability company; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 37-2019-00016478-CU-OE-CTL<br><br>**DEFENDANT CHARTER COMMUNICATIONS, LLC'S ANSWER TO PLAINTIFF MICHAEL MARCELINO'S COMPLAINT**<br><br>Date Action Filed: March 28, 2019 |

Defendant Charter Communications, LLC (hereinafter "Defendant" or "Charter") hereby submits this Answer to Plaintiff Michael Marcelino's ("Plaintiff" or "Marcelino") Complaint and denies and avers as follows:

## GENERAL DENIAL

Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendant generally denies all the allegations in Plaintiff's unverified Complaint, and further denies that Plaintiff has been damaged in any amount, or at all. Defendant also specifically denies that it is liable to Plaintiff, or any member of the purported class asserted, for the sum or sums alleged or for any other amount whatsoever.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time. Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1.  The Complaint, and each purported cause of action alleged therein, fails to state sufficient facts to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

2.  The Complaint, and each purported cause of action alleged therein, is barred by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure Sections 338, 339, 340, and 343 and California Government Code § 12960, *et seq.*

## THIRD AFFIRMATIVE DEFENSE

(Lack of Standing)

3. Plaintiff lacks standing to assert the Complaint of any purported cause of action alleged therein on behalf of himself or others.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

4. Plaintiff and the alleged putative class members are estopped from recovering any relief by the Complaint or any purported cause of action alleged therein based on their conduct and/or representations or the conduct and/or representations of their authorized agents.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

5. Based on the conduct of Plaintiff and/or the alleged putative class members, Plaintiff and the alleged putative class members have waived any right to recover any relief by the Complaint or any purported cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

6. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

7. Plaintiff and the alleged putative class members have or had unclean hands with respect to the matters alleged in the Complaint and are therefore barred from recovering any relief on the Complaint or any purported cause of action alleged therein.

## EIGHTH AFFIRMATIVE DEFENSE

(Payment of Wages)

8. The Complaint, and each of the purported causes of action alleged therein, is barred because Plaintiff and each putative class member has received proper and timely payment for all hours worked.

## NINTH AFFIRMATIVE DEFENSE

(Lack of Specificity)

9. Each cause of action claiming unfair and unlawful business practices in violation of California Business and Professions Code §§ 17200, *et seq.*, is barred because Plaintiff failed to plead facts capable of stating a claim for unfair business practices.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Actual Injury)

10. Each cause of action claiming unfair and unlawful business practices in violation of California Business and Professions Code §§ 17200, *et seq.*, is barred because Plaintiff and the purported putative class members did not suffer actual injury.

## ELEVENTH AFFIRMATIVE DEFENSE

(Set-Off/Offset/Recoupment)

11. Some or all of the purported causes of action in the Complaint are subject to setoff, offset and/or recoupment.

## TWELFTH AFFIRMATIVE DEFENSE

(Consent)

12. The Complaint, and each cause of action alleged therein, is barred, in whole or in part, because of the ratification, agreement, acquiescence or consent to Defendant's alleged conduct by Plaintiff and/or the alleged putative class members of their authorized agents.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Settlement and Release)

13. Some or all of the purported causes of action in the Complaint are subject to the doctrine of settlement and release.

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Employment Relationship)

14. Plaintiff and the purported putative class members were not or are not employed by Defendant, and accordingly, neither Plaintiff nor the purported putative class members have claims against Defendant.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 36398220.1

- 4 -

ANSWER TO COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

(Claims Not Typical or Common)

15. Plaintiff's alleged claims are neither common nor typical of those, if any, of the alleged putative class members whom Plaintiff purports to represent.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Superiority)

16. Plaintiff's class claims are not maintainable for, among other reasons, failure to satisfy the superiority requirement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Numerosity)

17. Plaintiff's class claims are not maintainable for, among other reasons, failure to satisfy the numerosity requirement.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Inadequacy of Class Representative)

18. Plaintiff is not a proper representative of the class that Plaintiff purports to represent, and accordingly, this action is not properly brought as a class action.

## NINETEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

19. Plaintiff's claims, and the claims of each purported class action member, are barred in whole or in part because the Complaint is uncertain and the purported class action definitions are ambiguous and/or conclusory.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Willful Violation of the California Labor Code)

20. Plaintiff may not recover any penalties as prayed for in the Complaint under the California Labor Code because Defendant did not willfully fail to pay overtime wages, or fail to act in good faith.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 36398220.1

- 5 -

ANSWER TO COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Conduct Reasonable and In Good Faith/Not Willful, Knowing, or Intentional)

21. If Defendant is found to have failed to maintain payroll records or wage statements or to pay Plaintiff and/or any purported class member any amount due, which Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with applicable wage and hour laws. Defendant's conduct was not willful, knowing, or intentional within the meaning of the California Labor Code.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Good Faith)

22. Any alleged failure to pay Plaintiff and/or any purported putative class member was based on a good faith understanding of any applicable administrative regulation, order, ruling, approval interpretation, administrative practice, and/or enforcement policy of the California Industrial Welfare Commission, the California Division of Labor Standards Enforcement, the United States Department of Labor, and/or other governmental agencies.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

23. Plaintiff and the purported putative class members were and are under a duty to mitigate their damages, if any, and to the extent they have failed to fulfil such duties, Defendant is exonerated from any liability to them, and all damages alleged, if any, are the sole and proximate result of the failure of Plaintiff and the purported class action members to mitigate damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Adequate Legal Remedy)

24. The Complaint, and each cause of action alleged therein, is barred to the extent that Plaintiff and certain members of the purported class action seek equitable relief, because the injuries or damages that Plaintiff and certain members of the purported class action allegedly suffered, if any would be compensated adequately in an action at law for damages. Accordingly,

Plaintiff and certain members of the purported class action have complete and adequate remedies at law, and therefore are not entitled to equitable relief.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Conflict of Interest)

25. Certain of the interests of the purported putative class members are in conflict with the interests of other purported class members.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Violation of Underlying Law)

26. Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code §§ 17200, *et seq.*, because Defendant is not liable to Plaintiff or to any member of the purported class action for any alleged violation of any underlying law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Irreparable Harm)

27. Plaintiff's claims for injunctive, declaratory, or other equitable relief, and the claims of the purported putative class action members, are barred in light of the fact that Plaintiff and the putative class action members have not suffered and will not suffer irreparable harm due to any alleged conduct by Defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Failure to Perform)

28. If Plaintiff's allegations state a cause of action, then Defendant's failure to perform its obligations, if any, is the result of Plaintiff's failure to perform his obligations as required, and performance on the part of Plaintiff is a condition precedent which Plaintiff failed to fulfill, thus excusing the performance of Defendant's obligations, if any.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Arbitration)

29. Plaintiff and/or certain putative class members and Defendant are parties to a valid pre-dispute arbitration agreement that is governed by the Federal Arbitration Act, the terms of

which cover the claims alleged in the Complaint. Therefore, Plaintiff and/or certain putative class members' claims are not properly before this Court.

### THIRTIETH AFFIRMATIVE DEFENSE

(Due Process/Excessive Fines)

30. Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clause of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution and are otherwise punitive and confiscatory in nature.

### RESERVATION OF RIGHTS

(Additional Defenses)

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein at any time.

### PRAYER

WHEREFORE, Defendant respectfully requests that:

1. The Complaint be dismissed in its entirety;
2. Plaintiff's requests for monetary relief be denied in their entirety;
3. Plaintiff's requests for penalties be denied in their entirety;
4. Plaintiff's requests for declaratory and injunctive relief be denied in their entirety;
5. Plaintiff's requests for restitutionary relief be denied in their entirety;

6. Plaintiff take nothing by reason of his Complaint and that judgment be rendered in favor of Defendant;

7. Defendant be awarded its costs of suit and attorneys' fees incurred in defense of this action;

8. The Court award Defendant such other and further relief as the Court may deem just and proper.

Dated: April 26, 2019

MORGAN, LEWIS & BOCKIUS LLP

By _____
Max Fischer
Aimee Mackay
Megan McDonough
Attorneys for Defendant
CHARTER COMMUNICATIONS, LLC

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 300 South Grand Avenue, 22nd Floor, Los Angeles, CA 90071.

On April 26, 2019, I served a copy of the within document(s):

**DEFENDANT CHARTER COMMUNICATIONS, LLC'S ANSWER TO PLAINTIFF MICHAEL MARCELINO'S COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| JCL LAW FIRM, APC<br>Jean-Claude Lapuyade<br>3990 Old Town Avenue, Suite C204<br>San Diego, CA 92110 | *Attorney for Plaintiff*<br>Telephone:  619.599.8292<br>Facsimile:  619.599.8291<br>Email:  jlapuyade@jcl-lawfirm.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on April 26, 2019, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Denise D. Brown