UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARCELINO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC ET AL.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19cv783-L-MSB<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

　　　Defendant Charter Communications, LLC removed this putative wages and hours class action from State court under 28 U.S.C. §§1453 and 1446 based on diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). For the reasons which follow, the action is remanded to State court.

　　　"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are constitutionally required to raise issues related to federal subject matter

/ / / / /

jurisdiction and may do so *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing removal jurisdiction is on the removing party. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-85 (9th Cir. 2006).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . .." 28 U.S.C. § 1441(a). Defendant's notice of removal is based on diversity jurisdiction under CAFA. "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)).

The removing party is required to allege diversity, which includes "alleg[ing] affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges he is a resident of California. (Doc. no. 1-3 ("Compl.") at 2.) Based on this allegation and Defendant's review of Plaintiff's employment records, which show that his last known address was in California,[1] Defendant alleges that Plaintiff is a California resident. (Doc. no. 1 ("Notice of Removal") at 5.) Defendant bases its conclusion of California citizenship on Plaintiff's residency. (*Id.*) However, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter,* 265 F.3d at 857*; see also Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 884 (9th Cir. 2013) ("That a [person] may have a residential address in California does not mean that person

---

[1] Plaintiff's employment with Defendant ended in June 2018, before this action was filed. (*See* Compl. at 1, 2.)

is a citizen of California."). Defendant relies on the presumption that a person's state of residency is his or her domicile, which some federal circuits have adopted. (Notice of Removal at 5 (citing *Washington v. Havensa LLC,* 654 F.3d 340, 345 (3rd Cir. 2011)). The presumption has not been adopted by the Ninth Circuit, however. *Mondragon,* 736 F.3d at 886. The Court therefore declines to rely on it.

Defendant next points out that Plaintiff filed this action on behalf of a putative class of certain of its employees in California and argues that at least one of them must be a California citizen. (Notice of Removal at 5 (citing Compl. at 9).) "A pure inference regarding the citizenship of prospective class members may be sufficient if the class is defined as limited to citizens of the state in question". *Mondragon,* 736 F.3d at 881-82. The class definition here, however, does not mention citizenship. (Compl. at 9.) Defendant's allegation is therefore not sufficient to affirmatively allege citizenship. Furthermore, it is insufficient for the reasons discussed above with regard to Plaintiff himself.

Finally, Defendant has not sufficiently alleged its own citizenship. Defendant is an LLC. The citizenship of a limited liability company for purposes of diversity jurisdiction is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage. L.P.*, 437 F.3d 894, 899 (9th Cir.2006). Defendant alleges it is owned solely by Charter Communications Operating LLC but does not allege the citizenship of the members of this entity (Notice of Removal at 6), and therefore does not sufficiently allege its citizenship.

For the foregoing reasons, Defendant, as the removing party, has not met its burden to affirmatively allege the citizenship of all relevant parties. The notice of removal therefore fails to establish federal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall
/ / / / /

be remanded." 28 U.S.C. § 1447(c).  This action is remanded to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

Dated: May 2, 2019

_____
Hon. M. James Lorenz
United States District Judge